IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Appellee, <br><br> vs. <br><br> DAN M. JESSOP, <br><br> Defendant/Appellant. | ORDER <br> AND <br> MEMORANDUM DECISION <br><br> Case No. 2:08-CR-245-TC <br> Case No. 2:06-CR-553-RTB |

On April 14, 2008, Appellant Dan M. Jessop was found guilty of operating an off-road vehicle on federal public land closed to off-road vehicle travel, in violation of 43 C.F.R. § 8341.1(c). He appeals his misdemeanor conviction to this court, which has jurisdiction under Federal Rule of Criminal Procedure 58(g)(2)(B) to review the magistrate judge's decision.

On appeal, Mr. Jessop challenges the magistrate judge's ruling that Mr. Jessop did not have standing to assert the defense that the United States exceeded its authority to close the road on which Mr. Jessop traveled. He further asserts that this court has the authority to acquit him of the charges because the United States failed to establish a prima facie case against him. For the reasons set forth below, the court holds that Mr. Jessop's defense is not permissible as a matter of law. But because the *mens rea* element of the crime was not addressed below,[1] the court

---

[1] During this appeal, after the court raised the issue *sua sponte*, the parties agreed in hindsight that the *mens rea* element was an essential part of the United States's case against Mr. Jeppson.

remands the case for further fact finding to determine whether Mr. Jessop wilfully and knowingly violated 43 C.F.R. § 8341.1(c). At that time, if Mr. Jessop so desires, he may raise the defense of good faith, as defined in this opinion.

## BACKGROUND

In 2008, the U.S. Bureau of Land Management (BLM) charged Dan Jessop with a misdemeanor violation of BLM regulation 43 C.F.R. § 8341.1(c), which prohibits "operation of off-road vehicles . . . on those areas and trails closed to off-road vehicle use." The non-jury criminal matter was brought before a United States Magistrate Judge for resolution.

Before the magistrate judge issued his decision, Mr. Jessop stipulated that he was operating an off-road vehicle (ORV) in an area ("Broad Hollow") that the BLM designated as closed to ORV use. He then asserted a defense that the BLM exceeded its statutory authority by declaring the Broad Hollow area closed and prosecuting him for operating an ORV in that area ("R.S. 2477 defense"). As the basis for his defense, Mr. Jessop contended that the area where he traveled, sometimes referred to as a right-of-way, was not federal but rather was reserved to the State of Utah by historic statute R.S. 2477 and the Federal Land Policy and Management Act ("FLPMA").

In response, the BLM contended that Mr. Jessop did not have standing to challenge the legality of the BLM's closure of the right-of-way. On April 3, 2008, the lower court agreed and granted the government's motion in limine to exclude Mr. Jessop's defense as a matter of law.

In the magistrate judge's decision granting the United States's motion, the magistrate judge held that only governmental entities are entitled to assert the existence of an R.S. 2477 right-of-way in court and that the exclusive means of asserting such a claim is through the Quiet

Title Act, 28 U.S.C. § 2409a. Specifically, the magistrate judge stated:

> Defendant [Jessop] lacks standing to assert, and this court lacks jurisdiction to adjudicate the R.S. 2477 right-of-way Defendant believes exists. As the prosecution notes in [its] Memorandum in Support of Motion in Limine to Exclude R.S. 2477 Defense, only a governmental entity may seek a court, through the exclusive waiver of sovereign immunity in the Quiet Title Act (28 U.S.C. § 2409a) in a properly filed lawsuit, to adjudicate a claimed R.S. 2477 right-of-way. The court has been presented with no evidence that any governmental entity has done so concerning the right-of-way Defendant [Jessop] believes exists. Consequently, [he] is not entitled to use R.S. 2477 as a defense to the misdemeanor charge and any evidence of the asserted, non-adjudicated right-of-way is irrelevant and is excluded as a matter of law.

(Apr. 3, 2008 Order in Case No. 2:07-CR-553-RTB, attached as Ex. 1 to United States' Br. (Docket No. 8) at 2-3.)

As a result of the magistrate judge's ruling and Mr. Jessop's factual admissions,[2] Mr. Jessop was found guilty of violating 43 C.F.R. § 8341.1(c). (Id. at 3.) He now appeals that judgment,[3] claiming that he, as a criminal defendant, did have standing to assert the defense, and, further, that the United States failed to establish a prima facie case against him because it did not prove that the area was in fact federal land properly closed to off-road vehicles.

On appeal, the court *sua sponte* raised two related issues that were not addressed in the lower court. First, the court asked whether the Government must prove that Mr. Jessop acted

---

[2]The procedural history of this case is somewhat unusual. Mr. Jessop stipulated to the basic facts involved. (Apr. 3, 2008 Order in Case No. 2:06-CR-553-RTB at 1.) The parties also stipulated that the trial court, rather than holding an independent trial, would review the transcript of USA v. Richard Leavitt, 2:04-CR-553 (a similar case previously before the trial court involving the same area), to avoid requiring witnesses to repeat their testimony regarding the very same matters. (See id.)

[3]The magistrate judge stayed the sentence pending appellate review. (See Notice of Filing (Docket No. 2) (containing Apr. 28, 2008 Order Staying Execution of Sentence Pending Appeal in Case No. 2:06-CR-553).)

knowingly and willfully before the court may impose criminal penalties for a violation of 43 C.F.R. § 8341.1(c). The court then asked, assuming *mens rea* was a requirement of the government's prima facie case, whether Mr. Jessop was entitled to present the defense of good faith, supported by admissible evidence, to negate specific intent. (See Aug. 19, 2008 Minute Entry (Docket No. 16) (ordering supplemental briefing); Supplemental Br. for the United States (Docket No. 17); Appellant's Supplemental Appeal Br. (Docket No. 18).)

The United States, in its supplemental brief, analyzed the issue, conceded that the answer to both queries is "yes," and suggested that the remedy is remand to address the willfulness element of the offense because the issue did not come up during the trial court proceedings. (See Supplemental Br. for the United States (Docket No. 17) at 6, 8-9.) The United States nevertheless maintains that it has the authority to prohibit ORV travel in the Broad Hollow area and that the issue is not open to challenge in this context. (See id. at 9-12.) The court agrees with the United States.

## STANDARD OF REVIEW

In this appeal from the judgment entered by the magistrate judge, the "scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(d). Because a district court's decision to exclude a defense as a matter of law is reviewed de novo on appeal, see United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1164 (10th Cir. 1999), the court applies the de novo standard of review here.

## ANALYSIS

The two issues before the court are (1) whether Mr. Jessop's R.S. 2477 defense is permissible as a matter of law, and (2) whether the United States must establish that Mr. Jessop

4

wilfully and knowingly violated the ORV regulation.[4]

On appeal, Mr. Jessop argues that BLM has not established a prima facie case against him because it has not proven that the area on which he traveled is federal land. He further contends that the area was open as a matter of law because it is an easement vested not with the federal government but the state government under R.S. 2477. The premise for Mr. Jessop's appeal is flawed.

He misstates what the BLM must prove in his case. Here, BLM presented uncontested evidence that it went through the proper procedures to close the area to ORV use. Mr. Jessop does not challenge those facts. Nor does he suggest that any court has issued a finding under the Quiet Title Act regarding R.S. 2477 status of the Broad Hollow area. Instead, he generally challenges the BLM's authority to close the area. His argument fails because it has already been established as a matter of law that BLM has the authority to close the area. Specifically, a legal presumption in favor of the federal land manager cannot be overcome absent completion of a valid Quiet Title Act lawsuit resulting in a judicial finding that an R.S. 2477 right-of-way exists.[5] See Southern Utah Wilderness Alliance v. Bureau of Land Management, 425 F.3d 735, 768-69 (10th Cir. 2005) ("[T]he established rule [is] that land grants are construed favorably to the

---

[4]The court does not address the alternative arguments raised by Mr. Jessop in his supplemental appellate briefs (such as his argument that the ORV regulation is unconstitutionally vague). It is not clear that those arguments were even presented to the magistrate judge, but, more importantly, he did not raise them in his initial appeal brief so they are not properly before the court.

[5]Because of this presumption and the procedures that must be followed to establish the validity of a claimed R.S. 2477 right-of-way, Mr. Jessop unpersuasively asserts that, "as part of its case in chief, the BLM has raised the very issue of the validity of the RS 2477 right-of-way." (Appeal Br. (Docket No. 4) at 8.)

5

Government, that nothing passes except what is conveyed in clear language, and that if there are doubts they are resolved for the Government, not against it.'") (internal citations and quotation marks omitted). Accordingly, his R.S. 2477 defense is not permissible as a matter of law.

This case is analogous to cases addressing the defenses of tax protesters. In those cases,

> [c]laims that some of the provisions of the tax code are unconstitutional are submissions of a different order. They do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code. Rather, they reveal full knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable.

Cheek v. United States, 498 U.S. 192, 199, 205 (1991). Here, Mr. Jessop argues that he "reasonably and in good faith believed that BLM did not have authority to declare the right of way closed." (Jessop's Supplemental Appeal Br. (Docket No. 18) at 4.) Mr. Jessop wrongfully concludes that, "[b]ecause [he] knew the facts[6] supporting the conclusion that an RS 2477 right of way existed on the road on which he was traveling, and because BLM only has authority to close roads where there are no RS 2477 rights of way, Jessop could not have acted with the 'willful' mens rea." (Id. at 5.) He is basing his defense on a mistaken legal conclusion. See also, e.g., United States v. Dean, 487 F.3d 840, 850 (11th Cir. 2007) ("As a general rule, ignorance of the law or a mistake of law is no defense to criminal prosecution in the United States.") (citing Cheek, 498 U.S. at 199 (1991)).[7]

---

[6]Mr. Jessop incorrectly asserts that because the statement of facts he submitted to the magistrate judge were never contested by the United States, those facts are true and the United States waived any right to contest them. To support his argument, he unpersuasively cites to a civil procedure rule in the summary judgment context that does not apply here. And, more critically, the magistrate judge did not adjudicate any facts concerning the alleged R.S. 2477 right-of-way. According, they are not established in the record.

[7]The court notes that Mr. Jessop is not claiming that he misunderstood the law and so he should not be penalized for his mistake. In that sense, his argument differs from a "mistake of

Although Mr. Jessop's alleged good faith belief that the area was subject to an R.S. 2477 right-of-way may be relevant to whether he knowingly and willfully violated the regulation, the alleged existence (or Mr. Jessop's good faith belief in the existence) of such a right-of-way does not alter whether the road was "closed" within the meaning of 43 C.F.R. § 8341.1(c). As the United States points out, Mr. Jessop

> never raised or attempted to prove a good faith belief below. [He] only attempted to prove the existence of an R.S. 2477 right-of-way. On remand, Jessop would be entitled to offer any admissible evidence relevant to good faith, and the United States would be entitled to cross-examine Jessop's witnesses and present rebuttal evidence. The fact finder would be required to weigh the conflicting evidence and the credibility of witnesses in order to determine whether the United States proved beyond a reasonable doubt that Jessop knowingly and wilfully violated the regulation.

(Gov't's Response to Def.'s Supplemental Br. (Docket No. 19) at 4.)

On remand, Mr. Jessop may not present evidence that the BLM lacked authority to close the area to ORV use. He may only present evidence that he, in good faith, believed that the road was in fact (rather than legally) open to ORV traffic.

## ORDER

For the foregoing reasons, the case is remanded for actions consistent with this opinion.

DATED this 27th day of December, 2010.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
Chief Judge

---

law" defense.